CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
amandas@potterhandy.com

Attorneys for Plaintiff

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
(858) 375-7385

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Emily Wright**, <br><br> Plaintiff, <br><br> v. <br><br> **Napa Valley Unified School District** and Does 1-10, Inclusive, <br><br> Defendants. | Case No. <br><br> **Complaint for Declaratory and Injunctive Relief and Damages for Violations of:** <br><br> 1. Title II of the American's With Disabilities Act, 42 U.S.C. §12131 *et seq.*; <br> 2. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and <br> 3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq.* |

1

## INTRODUCTION

1. Plaintiff Emily Wright ("Plaintiff"), an individual with physical disabilities, brings the instant action alleging that Defendant Napa Valley Unified School District ("District") and Does 1-10 inclusive ("Defendants") have discriminated against her on the basis of her disability in violation of federal and state anti-discrimination statutes.

2. Specifically, Plaintiff alleges that Defendants discriminated against her based on her disability-related use of a service dog at two separate District locations; failed and/or refused to modify their policies, practices, and procedures to comply with the law; and failed and/or refused to train their employees as necessary to avoid discrimination against disabled persons.

3. As a result of Defendants' discriminatory acts and omissions as alleged herein, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, prevented and deterred from accessing the goods, facilities, programs, services, and activities offered by the District independently and in a manner equal to individuals without disabilities.

4. Through this lawsuit, Plaintiff seeks declaratory relief and an injunction requiring Defendants to provide her, and similarly situated persons, "full and equal" access to Defendants' public facilities as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing her civil rights.

## PARTIES

5. Plaintiff Emily Wright is, and at all times relevant herein was, an individual and resident of California.

6. Defendant Napa Valley Unified School District is a public high school system headquartered in Napa, California.

7. Plaintiff is currently unaware of the true identities of DOES 1-

10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act ("ADA").

10. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and out of the same transactions, are also brought under California's Unruh Civil Rights Act (Unruh Act") and Disabled Persons Act ("CDPA"), both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f) and 54.1(d).

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the facilities that are the subject of this action are located in this district and that Plaintiff's causes of action arose in this district.

Complaint

## FACTUAL ALLEGATIONS

12. Plaintiff has multiple impairments resulting from non-epileptic seizures with motor and vocal tics, thyroid problems, sleep disturbance, anxiety, mild hypermobility, chronic migraines, dizzy spells, and chronic pain.

13. Plaintiff's impairments significantly limit her in activities of daily living including mobility.

14. Plaintiff uses a service dog for mobility.

15. Plaintiff's service dog has been individually trained to perform work and tasks related to Plaintiff's disability.

16. Plaintiff's service dog provides Plaintiff with mobility assistance and balancing.

17. Plaintiff's service dog physically assists Plaintiff by serving as a brace and assisting her with getting up from supine and seated positions.

18. Plaintiff's service dog guides Plaintiff to safe locations when she is experiencing dizzy spells, impaired vision, and/or a loss of balance.

19. Plaintiff's service dog provides Plaintiff with deep pressure therapy when she is disassociating or experiencing anxiety or panic attacks.

20. Plaintiff's service dog guides Plaintiff out of stressful situations when Plaintiff is disassociating or experiencing anxiety or panic attacks.

21. Plaintiff is a resident of the City of Napa, California.

22. Vintage High School ("Vintage") is located at 1375 Trower Avenue in the City of Napa, California.

23. Vintage is owned and/or operated by the District.

24. Plaintiff was a student at Vintage from 2015 to mid-way through the 2018-19 school year.

25. Plaintiff's sister currently attends Vintage.

26. Plaintiff visits Vintage often because her sister is a student there and Plaintiff volunteers on campus with the culinary and drama departments.

Complaint

27. On March 14, 2019, Plaintiff went to Vintage to help the culinary and drama departments prepare for a dinner theater planned for the upcoming weekend.

28. Plaintiff was accompanied by her service dog.

29. While Plaintiff was walking from the culinary department to the theater, she collapsed. Ms. Estudillo, a campus administration officer, approached Plaintiff to ask if she was okay.

30. Plaintiff knew Ms. Estudillo, and Ms. Estudillo knew Plaintiff, from Plaintiff's prior days as a student at Vintage.

31. Estudillo asked Plaintiff if she had checked in with the office. Plaintiff responded that she was not aware she had to. Estudillo then asked Plaintiff if anyone knew about her dog. Plaintiff told Estudillo that the teachers she was visiting were aware of her dog. Estudillo told Plaintiff that the office needed to know. Plaintiff started walking towards the office but Estudillo demanded that Plaintiff and her dog be taken to the office via golf cart.

32. When Plaintiff arrived at the principal's office, Plaintiff was advised by Ms. Marie McMurray, the principal's secretary and office manager, and Ms. Vicky Infante, staff secretary, that there are rules against having animals on the Vintage campus.

33. Plaintiff asked McMurray and Infante if that rule applied to service animals.  McMurray and Infante responded that all animals were banned from campus, including service animals.

34. McMurray and Infante proceeded to ask Plaintiff what her service dog did for her. Plaintiff responded that her service animal provides deep pressure therapy during panic attacks, physical assistance with balance and mobility due to her risk of falls, and physical assistance leading her to safe areas during dizzy spells.

Complaint

35. At no time did Plaintiff describe her dog as a comfort or emotional support animal.

36. Plaintiff repeatedly identified her dog as a "service dog."

37. When the principal, Ms. Sarah O'Connor, arrived, she told Plaintiff that it was illegal for Plaintiff to bring her service dog on school grounds because some students may be afraid of and/or allergic to dogs.

38. O'Conner told Plaintiff that she could only bring her service dog on the Vintage campus after regular school hours.

39. O'Conner advised Plaintiff that if she needed assistance on campus during school hours, Plaintiff's sister could be called to assist her.

40. On March 14, 2019, Plaintiff and her mother attempted to engage O'Conner to discuss Plaintiff's need for her service dog on campus. O'Conner has refused to talk to Plaintiff and her mother.

41. Since March 2019 Plaintiff has been restricted in her ability access to Vintage with her service dog.

42. Since March 2019 Plaintiff has been deterred from visiting Vintage with her service dog.

43. The restriction to "after hours" access has impacted Plaintiff's work with the culinary and drama departments.

44. As a direct and proximate result of Defendants' acts and omissions, Plaintiff experienced difficulty, discomfort, distress, embarrassment, frustration, humiliation, and a loss of independence.

45. Napa Valley Independent Studies ("NVIS") is located at 3310 Linda Vista Avenue in the City of Napa, California.

46. NVIS is owned and/or operated by the District.

47. Plaintiff attended class at NVIS in 2019.

Complaint

48. In or about the beginning of April 2019, Plaintiff was told by Susan Wilson, who was then the NVIS principal, that the District limits the number of service dogs allowed on campus at any given time.

49. Plaintiff was told by Wilson that she could not bring her service dog to NVIS because it would cause NVIS to be over its service dog limit.

50. NVIS administrators would only allow Plaintiff to bring her service dog on campus if she would agree to leave the dog at the NVIS administration office and visit the dog in the office when needed for her disabilities.

51. Since Plaintiff's experiences at Vintage and NVIS, Plaintiff and her mother have tried to get clarification of the District's service dog policies from the District. However, they have been given the run-around.

52. Around the end of March 2019 / beginning of April 2019, Plaintiff's mother ran into an employee of the superintendent's office at NVIS. Plaintiff's mother discussed with this individual the issues Plaintiff was having with her service animal access at Vintage and NVIS. The individual advised Plaintiff's mother to call an individual named "Mr. Wright" at the District to follow up on her grievances.

53. Around the week of April 17, 2019, Plaintiff's mother spoke with an individual identified as being responsible for secondary schools at the District. On information and belief, this individual was Damon Wright, the Executive Director of Secondary Education at the District. This individual stated that he would talk to the principals of Vintage and NVIS to discuss Plaintiff's concerns and promised to get back to Plaintiff and her mother thereafter. To date, Plaintiff has not heard back from this individual or anyone at the District regarding their complaints and concerns.

54. As a direct and proximate result of Defendants' acts and omissions, including the refusal of NVIS to allow Plaintiff on campus with

her service dog since April 2019, Plaintiff experienced difficulty, discomfort, distress, embarrassment, frustration, humiliation, and a loss of independence.

55. On information and belief, the District has failed to train its employees as to the access rights of individuals with disabilities who use service animals.

56. At all times relevant herein, Plaintiff's service dog was well-behaved and under Plaintiff's control.

57. At all times relevant herein, Plaintiff's service dog was on a leash.

58. At all times relevant herein, Plaintiff's service dog was well groomed.

59. At all times relevant herein, Plaintiff's service dog was current on its vaccinations.

60. At all times relevant herein, Plaintiff's service dog was appropriately licensed.

61. Plaintiff plans to visit Vintage and NVIS with her service dog in the future to volunteer and attend district events.

62. Until Defendants' discriminatory policies regarding service dogs are modified, Plaintiff will be prevented and deterred from having full and equal access to the District and will suffer ongoing discrimination and damages as a result.

63. Until Defendants' employees are adequately trained as to the access rights of people with disabilities who use service animals, Plaintiff will be prevented and deterred from having full and equal access to the District's facilities and will suffer ongoing discrimination and damages as a result.

64. An actual controversy has arisen and now exists between the parties concerning their respective rights, duties and obligations under Federal and State law. Accordingly, Plaintiff is entitled to declaratory relief.

Complaint

65. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

66. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of Plaintiff's civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

## GOVERNMENT CLAIM FILED
*(With regard to claims for damages under California State Law)*

67. Plaintiff timely filed a government claim pursuant to § 910 et seq. of the California Government Code with the District on or about June 4, 2019.

68. Plaintiff's claim was rejected by the District by operation of law.

## FIRST CAUSE OF ACTION
## Title II of the Americans with Disabilities Act
## 42 U.S.C. §12132 *et seq.*

69. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

70. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

71. Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

Complaint

72. The District is, and at all times relevant herein was, a public entity within the meaning of the ADA. 42 U.S.C. § 12131(1).

73. At all times relevant herein the District had fifty (50) or more employees.

74. The provision of educational services, programming and volunteer opportunities at Vintage and NVIS is a service, program and/or activity of the District.

75. Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42 U.S.C. § 12131(2). As a member of the public, and student within the District, Plaintiff meets the essential eligibility requirements for availing herself of the public high school program at NVIS and volunteering for and attending events such as those organized by the drama and culinary departments at Vintage.

76. In acting as herein alleged, the District has discriminated against Plaintiff on the basis of her disability in violation of Title II and its implementing regulations. The District's discriminatory conduct includes, *inter alia*:

   a. Failing to operate Vintage and NVIS' facilities so that they are "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a));
   b. Denying Plaintiff the opportunity to participate in or benefit from the District's aids, benefits, or services on the basis of her disabilities (28 C.F.R. § 35.130(b)(1)(i));
   c. Affording Plaintiff an opportunity to participate in or benefit from the District's aids, benefits, or services that is not equal to that afforded her non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));
   d. Otherwise limiting Plaintiff in the enjoyment of any right,

Complaint

       privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by the District (28 C.F.R. § 35.130(b)(1)(vii));

e. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of her disability (28 C.F.R. § 35.130(b)(3)(i));

f. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of her disability (28 C.F.R. § 35.130(b)(7));

g. Failing to modify its policies, practices, or procedures to permit Plaintiff the use of her service animal (28 C.F.R. § 35.136(a)); and

h. Denying Plaintiff her right to be accompanied by her service animal in all areas of the District's facilities where members of the public or participants in services, programs, or activities are allowed to go (28 C.F.R. § 35.136(g)).

77. The District's duties under Title II of the ADA are mandatory and long-established. The District has had knowledge of its duties at all times relevant herein; its failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

78. The District was provided actual notice of its discriminatory policies regarding service dogs; the impact those policies have had on Plaintiff; and its duty to modify such policies. Despite this knowledge, the District has failed and refused to take any steps to modify the policies or otherwise address Plaintiff's concerns. The Distrrict's failures in this regard

Complaint

constitute deliberate indifference.

79. Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
## UNRUH CIVIL RIGHTS ACT
### California Civil Code § 51 et seq.

80. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

81. The Unruh Civil Rights Act ("Unruh Act") guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

82. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

83. Plaintiff is an individual with a physical disability within the meaning of California law. Cal. Gov't Code §12926(m).

84. The District is a business establishment. As such, the District is obligated to comply with the provisions of the Unruh Act.

85. The District's acts and omissions, as herein alleged, have violated the Unruh Act by, *inter alia,* denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Vintage and NVIS.

86. The District's acts and omissions, as herein alleged, have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

Complaint

87. The District's duties under the Unruh Act are mandatory and long-established. The District has had knowledge of its duties at all times relevant herein; its failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

88. The District was provided actual notice of the discriminatory policies regarding service animals at Vintage and NVIS; the impact those policies have had on Plaintiff; and its duty to modify such policies. Despite this knowledge, the District failed and refused to take any steps to modify the policies or otherwise address Plaintiff's concerns. The District's failures in this regard constitute deliberate indifference, entitling Plaintiff to damages.

89. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §52, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### California Disabled Persons Act
### California Civil Code § 54 *et seq.*
### (*Statutory damages and attorneys' fees only*)

90. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

91. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, … public facilities, and other public places." Cal. Civ. Code §54 (a).

92. The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to

accommodations, advantages, facilities, ... and privileges of all ... places to which the general public is invited'." Cal. Civ. Code §54.1(a)(1).

93. Under the CDPA an individual with a disability who uses a service dog may take that service dog in any of the places specified in Section 54.1. Cal. Civ. Code § 54.2(a).

94. A violation of the ADA is also a violation of the CDPA. See Cal. Civ. Code, § 54.1(d).

95. Any person or persons, firm or corporation who denies or interferes with an individual's rights under Section 54 or 54.1 is liable for each offense. Cal. Civ. Code §54.3(a).

96. Vintage and NVIS are public places, public facilities and/or other places to which the general public are invited as contemplated by the CDPA.

97. As the owners and/or operators of Vintage and NVIS, the District is obligated to comply with the provisions of the CDPA.

98. The District is a person subject to California Civil Code section 54.3.

99. The District is a municipal corporation subject to California Civil Code section 54.3.

100. The District's acts and omissions, as herein alleged, have violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to the accommodations, advantages, facilities, and privileges offered by the District at Vintage and NVIS. The District has denied Plaintiff full and equal access to Vintage and NVIS based on her disability-related use of a service dog.

101. The District's acts and omissions, as herein alleged, have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

102. The District's duties under the CDPA are mandatory and long-established. The District has had knowledge of its duties at all times relevant herein; its failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

103. The District was provided actual notice of the discriminatory policies regarding service animals at Vintage and NVIS; the impact those policies have on Plaintiff; and its duty to modify such policies. Despite this knowledge, the District failed and refused to take any steps to modify the policies or otherwise address Plaintiff's concerns. The District's failures in this regard constitute deliberate indifference, entitling Plaintiff to damages.

104. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a). *Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and Unruh Act:
    a. Ordering the District to develop and adopt general non-discrimination policies, practices, and procedures;
    b. Ordering the District to modify their policies, practices, and procedures to avoid discrimination against individuals with disabilities based on the disability-related use of a service dog;
    c. Ordering the District to ensure that such policies, practices, and procedures are fully implemented at Vintage and NVIS, as well as other schools within the District; and
    d. Ordering the District to train their personnel regarding the rights of individuals with disabilities who use service dogs.

***Note:*** *the Plaintiff is not invoking section 55 of the California Civil Code and is **not** seeking injunctive relief under the Disabled Persons Act.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;
3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and
4. Award such other and further relief as the Court may deem just and proper.

Dated: September 27, 2019

By: *Michelle Uzeta*
Michelle Uzeta
Attorneys for Plaintiff

Complaint